(No. 75-CC-0197–)

Rozelle Jeffery Spencer, et al., Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed November 7, 1979.*

Rees and Sullivan (Thomas Ryan Rees, of counsel), for Claimant.

William J. Scott, Attorney General (Richard Grossman, Assistant Attorney General, of counsel), for Respondent.

Per Curiam.

This is an action brought by Rozelle Jeffery Spencer, individually and d/b/a Aaron Bros. Moving System, to recover $28,921.85 as payment for 216 moves allegedly made during 1972 and 1973 for alleged Public Aid recipients.

Respondent does not contest $5,182.55 of this amount. The balance is contested on the following grounds:

1. Many of the allegedly unpaid bills have in fact been paid.

2. The Department of Public Aid could not verify that many of the persons moved were in fact Public Aid recipients at the time the moving services were rendered.

3. The Claimant did not follow the proper procedures in securing authorization for many of the moves.

In March of 1973, a new program was implemented by the Department of Public Aid called the Relocation Service. Under this procedure, a mover was required to

secure approval for moves through the relocation service, rather than through the recipient's caseworker. To ease the transition from the old program into the new program, a three-week grace period was allowed. There were 14 moves made during the period at a cost of $1,787.00. One of the moves, however, occurred three and one-half months after the relocation service became effective, at a cost of $130.00. Recovery for this move should be denied. Claimant should, however, recover $1,652.00.

Also during the time in question, Claimant had factored some of his accounts receivable with the Independence Bank. In November of 1972, he authorized the State to send payment directly to this bank. Despite Claimant's testimony that none of the factored accounts were involved in this suit, a photocopy of a State of Illinois warrant for $3,172.50, covering some of the moves in question and endorsed by the Independence Bank, was introduced into evidence. This Court is of the opinion that Claimant should not recover on any of these accounts.

Respondent has alleged that it paid for 45 of the moves in the amount of $6,099.80. Yet, Respondent could only produce evidence of payment for 19 of these accounts, totaling $2,874.30. Therefore, Claimant may recover only $3,225.50 on these bills.

On many of the accounts, Respondent could not locate its records. As a genuine dispute exists here, and the evidence is open to interpretation, a compromise of the $2,695.00 involved is recommended.

Also on many accounts, a search of Respondent's records showed that $6,391.00 worth of Claimant's services were performed for persons who could not be

identified as public aid recipients. This Court feels that it was Claimant's duty to ascertain whether or not persons requesting Claimant's services were in fact public aid recipients. Since Claimant has offered no evidence tending to prove that these persons were in fact receiving public aid, recovery on these accounts is denied.

Claimant also argues that because of the confusion and disorganization in the Public Aid offices, various accounts totaling $6,772.00 were unpaid. Respondent contests these accounts for various reasons such as: "no request for moving expenses", "move not approved because client moved to substandard housing", "excess rent", etc. This Court finds that Claimant has not sustained its burden with respect to these accounts:

ALLOWED:

| | |
|---|---|
| Admitted by State | $ 5,182.55 |
| Allowed because of transition | 1,652.00 |
| No evidence payment | 3,225.00 |
| Fifty percent State can't find records. | 1,347.05 |
| Total Allowed | $11,407.05 |

DISALLOWED:

| | |
|---|---|
| Evidence of payment submitted | $ 2,874.30 |
| can not identify as recipient | 6,391.00 |
| fifty percent State can't find records | 1,347.50 |
| Unauthorized moves | 6,772.00 |
| Improper authorization | 130.00 |
| Total Disallowed | $17,514.80 |

Wherefore, Claimant is awarded $11,407.05.